**RUDNICK, ADDONIZIO, PAPPA & CASAZZA**
**MARK F. CASAZZA, ESQ.**
A Professional Corporation
25 Village Court
Hazlet, New Jersey  07730
(732) 264-4400     File No. L-11154-CZ
Attorneys for Plaintiffs

| | |
|---|---|
| THE ESTATE OF THOMAS SAUICKIE, JR. by its ADMINISTRATRIX AD PROSEQUENDUM, TRACIE J. ORR, TRACIE J. ORR, individually, and CHLOE SAUICKIE by her g/a/l TRACIE J. ORR, | **UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK** |
| Plaintiffs, | Civil Action No. 1:17-cv-2662 |
| v. | |
| CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, FIRE DEPARTMENT OF THE CITY OF NEW YORK, FIRE DEPARTMENT OF NEW YORK CITY  EMERGENCY MEDICAL SERVICES, MOISES M. CLASE, CARIDAD A. CLASE, JOHN DOES (1-5) and ABC CORP., (1-5), | **FIRST AMENDED COMPLAINT** |
| Defendants | |

Plaintiffs, THE ESTATE OF THOMAS SAUICKIE, JR. by its

ADMINISTRATRIX AD PROSEQUENDUM, TRACIE J. ORR, TRACIE J.

ORR, individually, and CHLOE SAUICKIE by her g/a/l TRACIE J. ORR

presently residing in the County of Monmouth, State of New Jersey by way of

Complaint against the Defendants CITY OF NEW YORK (hereinafter referred to

as "NYC"), NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to

as "NYPD"), FIRE DEPARTMENT OF NEW YORK CITY (hereinafter referred

to as "FDNY", FIRE DEPARTMENT OF NEW YORK CITY EMERGENCY

MEDICAL SERVICES (hereinafter referred to as "EMS", MOSISES M. CLASE (hereinafter referred to as "M. Clase"), CARIDAD A. CLASE (hereinafter referred to as "C. CLASE") herein says as follows:

## JURISDICTION

1.      Jurisdiction of the Court is invoked under the provisions of 28 USC § 1332, federal diversity jurisdiction.

2.      There does exist complete diversity of citizenship between the Plaintiffs and Defendants herein.

3.      The amount in controversy does exceed seventy-five thousand dollars ($75,000), exclusive of interest and costs.

4.      The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 USC § 1367 (a).

## THE PARTIES

5.      The Plaintiff, Tracie J. Orr, a female, is the widow of decedent, Thomas Sauickie, Jr., and is a resident of the Township of Hazlet, County of Monmouth, State of New Jersey.

6.      The Plaintiff, Chloe Sauickie, an infant by her guardian ad litem, Tracie J. Orr, is the daughter of Tracie J. Orr and decedent Thomas Sauickie, Jr., and is a resident of the Township of Hazlet, County of Monmouth, State of New Jersey.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

7.      The Plaintiff, The Estate of Thomas Sauickie, Jr., is the estate of decedent, Thomas Sauickie, Jr., who was a resident of the Township of Hazlet, County of Monmouth, State of New Jersey on the date of his death on January 22, 2016.  The Administratrix ad Prosequendum of the Estate is Tracie J. Orr by way of letters dated February 11, 2016 from the Monmouth County Surrogate's Court.

8.      At all times hereinafter mentioned, upon information and belief, Defendant, the City of New York (hereinafter referred to as "NYC"), was and still is a municipal corporation duly created and existing under and pursuant to the laws of the State of New York.

9.      At all times hereinafter mentioned, upon information and belief, the Defendant, New York City Police Department (hereinafter referred to as "NYPD"), was and still is a municipal corporation duly created and existing under and pursuant to the laws of the State of New York, and was and is an agency of the City of New York.

10.      At all times hereinafter mentioned, the Defendant Fire Department of New York City (hereinafter referred to as "FDNY", was and still is a municipal corporation duly created and existing under and pursuant to the laws of the State of New York, and was and is an agency of the City of New York.

11.      At all times hereinafter mentioned, the Defendant Fire Department of New York City Emergency Medical Service (hereinafter referred to as "EMS", was and still is a municipal corporation duly created and existing under and pursuant to the laws of the State of New York, and was and is an agency of the City of New York.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

12.    At all times hereinafter mentioned, the Defendant, NYC owns, controls, regulates, staffs, supervises, manages, maintains and administers Defendant, NYPD, FDNY and EMS, its agents, servants and/or employees.

13.    At all times hereinafter mentioned, Defendants, Moises M. Clase and Caridad A. Clase are individuals and residents of the Bronx Borough of the City and State of New York.

## FACTUAL BACKGROUND

14.    On January 21, 2016, decedent Thomas Sauickie, Jr., Tracie J. Orr and Chloe Sauickie were travelling in their motor vehicle on the FDR Drive at or near the intersection of East 42nd Street in the County and State of New York.

15.    At approximately 5:00 o'clock p.m. at the aforementioned time and location, the motor vehicle in which the Sauickies were travelling was involved in a motor vehicle accident with another vehicle operated by Escarle Gissel Cabrera.

16.    As a result of the motor vehicle accident, multiple calls were placed to the NYPD requesting assistance from the NYPD.  In these phone calls, NYPD was specifically notified of the dangerous location Plaintiffs were remaining at on the FDR drive and that they needed immediate assistance due to being stopped in a dangerous location.

17.    Plaintiffs were in direct contact with NYPD and were specifically advised and promised by the operator on multiple occasions that NYPD would respond to the scene of the accident.

18.     NYPD affirmatively acknowledged the call for help and agreed to undertake the responsibility to respond.

19.     After waiting for an approximate period of time of two hours or longer, NYPD never responded to the calls for assistance, failing to appear at the accident scene.  Plaintiffs were unable to continue to wait in the same location due to the danger they were in.

20.     Decedent, Thomas Sauickie, noticed an NYPD Officer stationed across the FDR Drive.  Decedent indicated to his wife, Plaintiff, Tracie Orr, that he was going to let the NYPD officer know that they were in harm's way in a dangerous spot on the FDR Drive.  Decedent crossed the FDR Drive and had a conversation with the NYPD officer, who was standing outside of his car.  Upon information and belief, Decedent advised the officer of the accident, the NYPD's failure to respond and the dangerous location he and his family were in.  After having the conversation with the officer, decedent was allowed to cross back over the FDR to his vehicle.

21.     While crossing the FDR to return to his vehicle, at approximately 7:27 p.m., decedent Thomas Sauickie, Jr., was struck by a motor vehicle owned by Defendant Caridad A. Clase and operated by Defendant Moises M. Clase.

22.     Plaintiffs Tracie J. Orr and Chloe Sauickie were in direct proximity to and did witness the impact between Clase and decedent, thereby witnessing the serious injury resulting in decedent's death.

23.     As a result of being struck by the motor vehicle, decedent Thomas Sauickie, Jr., died from his injuries on January 22, 2016.

## COUNT I

**NEGLIGENCE AGAINST DEFENDANTS**
**THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, FIRE DEPARTMENT OF THE CITY OF NEW YORK AND FIRE DEPARTMENT CITY OF NEW YORK EMERGENCY SERVICES, MOISES M. CLASE AND CARIDAD A. CLASE**

24.     Plaintiff realleges paragraphs 1 – 23 and incorporates them by reference as paragraphs 1- 23 of Count I of this Complaint.

25.     On or about February 25, 2016, a Notice of Claim was filed and served upon Defendants pursuant to the General Municipal Law of New York, Sections 50(i) and (e), and more than 30 days have elapsed since such presentation and no adjustment thereof has been made.

26.     On June 29, 2016, the oral examination of the Plaintiff, Tracie J. Orr was held pursuant to the General Municipal Law of New York, Section 50 (h).

27.     This action has been commenced by Plaintiffs within one year and 90 days after the cause of the action and the Plaintiffs have complied with all conditions precedent to the commencement of this action.

28.     On January 21, 2016, Plaintiffs were in need of prompt police and/or emergency services/protection.  As a result, Plaintiff's had direct contact with Defendants via telephone on multiple occasions.

29.     More specifically, on January 21, 2016, at approximately 5:00 p.m. a call for assistance was made to Defendant NYPD.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

30.     Thereafter, additional calls for assistance were made to Defendant NYPD due to Defendants' failure to respond.

31.     In each such call, Plaintiffs notified Defendants of the dangerous location they were located at on the FDR Drive and that they needed assistance to get out of harm's way due to the dangerous location they were in on the FDR drive.

32.     On January 21, 2016, after each call for assistance, Defendants NYC, NYPD, FDNY and EMS affirmatively agreed and promised to respond to Plaintiffs' call for police and emergency services/protection.

33.     By their agreement to respond Defendants NYC, NYPD, FDNY and EMS created a special relationship with Plaintiff's under New York law.

34.     Defendants NYC, NYPD, FDNY and EMS knew or should have known that their failure to act could result in harm to Plaintiffs herein.

35.     Defendants, NYC, NYPD, FDNY and EMS failed to timely and properly respond to Plaintiffs' call for emergency police services, all to the detriment of Plaintiffs.

36.     Defendants, NYC, NYPD, FDNY and EMS were negligent in that they breached their special duty to Plaintiffs by failing to provide police services to Plaintiffs, by failing to respond at all to the scene of the original motor vehicle accident and by falsely promising and stating to Plaintiffs that police officers were on their way and would arrive in a short period of time, thereby knowingly placing Plaintiffs in a dangerous place that could lead to harm.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

37.     Similarly, the NYPD officer standing outside his car on the southbound side of the FDR Drive had direct contact with Decedent, Thomas Sauickie.

38.     Upon information and belief, decedent requested assistance from this officer and some form of assistance was affirmatively agreed to.

39.     Upon information and belief, the NYPD knew or should have known that his failure to assist Plaintiffs could lead to harm.  He also knew or should have known that by allowing decedent to cross back over the FDR without police assistance, could lead to harm to decedent.

40.     At all times, Plaintiffs justifiably relied on the 911 operator and the officer's affirmative agreement to provide assistance by first remaining in their vehicle on the FDR Drive and thereafter seeking out another NYPD officer for help across the FDR Drive.

41.     On January 21, 2016, Defendant, Moises M. Clase, was the operator of a certain motor vehicle owned by Defendant, Caridad Clase, which motor vehicle was being operated as a permissive user of the owner and/or as the agent, servant and/or employee of the owner and which motor vehicle was travelling southbound on the FDR Drive.

42.     Defendants, Moises M. Clase and Caridad Clase, and/or JOHN DOE(S) 1-5 did so negligently and carelessly own, operate and/or maintain the aforesaid motor vehicle so as to cause same to collide with the Plaintiff, Thomas Sauickie, Jr.

43.     As a result of the negligence of Defendants The City of New York, New York Police Department, Fire Department of the City of New York, Fire

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

Department City of New York Emergency Services, Mosies M. Clase and Caridad A. Clase as aforesaid, decedent, Thomas Sauickie, Jr. was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication.

44.     As a direct and proximate result of the negligence of the Defendants, as aforesaid, Plaintiff, Thomas Sauickie, Jr., was caused to sustain and did sustain serious and permanent personal injuries, pain and suffering, ultimately resulting in his death.

*WHEREFORE*, Plaintiff Estate of Thomas Sauickie, Jr. by its Administratrix ad prosequendum Tracie J. Orr, demands judgment against Defendants as follows:

(a)     All compensatory damages which Plaintiff has sustained as a result of Defendants' conduct, including, but not limited to, pain, suffering, loss of enjoyment of life;

(b)     Exemplary and punitive damages, if applicable;

(c)     Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fee, if applicable, and other costs;

(d)     Prejudgment and Post judgment interest as provided by law; and

(e)     Such other and further relief as this Court deems just and proper.

## COUNT II

**WRONGFUL DEATH ON BEHALF OF ESTATE OF THOMAS SAUICKIE, JR. AGAINST CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, FIRE DEPARTMENT OF THE CITY OF NEW YORK, FIRE DEPARTMENT OF NEW YORK CITY EMERGENCY MEDICAL SERVICES, MOISES M. CLASE AND CARIDAD A. CLASE**

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

45.    Plaintiff realllege paragraphs 1 - 44 and incorporates them by reference as paragraphs 1 – 44 of Count II of this Complaint.

46.    At all times hereinafter mentioned the Defendants, NYC, NYPD, FDNY and EMS, were and still are a corporation authorized to do business in the State of New York.

47.    The Defendants, NYC, NYPD, FDNY and EMS, were responsible for the response and assistance to the Plaintiffs' call for help after the original motor vehicle accident.

48.    Defendants NYC, NYPD, FDNY and EMS were negligent by breaching their special duty to Plaintiffs by their failure to provide police and/or emergency services/protection as aforesaid.

49.    On January 21, 2016, Defendant, Moises M. Clase, was the operator of a certain motor vehicle owned by Defendant, Caridad Clase, which motor vehicle was being operated as a permissive user of the owner and/or as the agent, servant and/or employee of the owner and which motor vehicle was travelling southbound on the FDR Drive.

50.    Defendants, Moises M. Clase and Caridad Clase, and/or JOHN DOE(S) 1-5 did so negligently and carelessly own, operate and/or maintain the aforesaid motor vehicle so as to cause same to collide with the Plaintiff, Thomas Sauickie, Jr.

51.    As a direct and proximate result of the negligence of the Defendants, as aforesaid, the decedent, Thomas Sauickie, Jr., sustained serious and critical injuries and ultimately dying from said injuries, resulting in his

wrongful death.

52.     As a direct and proximate result of decedent's death, decedent's heirs at law and surviving next of kin of decedent, deceased, have suffered the loss of said decedent's services, society, companionship, advice, guidance and pecuniary loss.

*WHEREFORE*, Plaintiff Estate of Thomas Sauickie, Jr., by its Administratrix ad prosequendum Tracie J. Orr, demands judgment against Defendants as follows:

(a)     All compensatory damages which Plaintiff has sustained as a result of Defendants' conduct, including, but not limited to, emotional distress, humiliation, embarrassment, and mental anguish;

(b)     Exemplary and punitive damages, if applicable;

(c)     Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, if applicable, and other costs;

(d)     Prejudgment and Post judgment interest as provided by law; and

(e)     Such other and further relief as this Court deems just and proper.

## COUNT III

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF PLAINTIFF TRACIE J. ORR AND CHLOE SAUICKIE BY HER G/A/L TRACIE J. ORR AGAINST CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, FIRE DEPARTMENT OF THE CITY OF NEW YORK, FIRE DEPARTMENT OF NEW YORK CITY EMERGENCY MEDICAL SERVICES, MOISES M. CLASE AND CARIDAD A. CLASE**

53.     Plaintiff Tracie J. Orr and Chloe Sauickie by her g/a/l reallege paragraphs 1 - 52 and incorporates them by reference as paragraphs 1 – 52 of Count IV of this Complaint.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

54.   Defendants, by the actions described herein were negligent.

55.   Plaintiffs, Tracie J. Orr and Chloe Sauickie at all times relevant herein were immediate family members of decedent, Thomas Sauickie, Jr.

56.   Plaintiffs, Tracie J. Orr and Chloe Sauickie were in direct proximity and did witness the injury resulting in the death of decedent that was the result of the negligence of the Defendants as aforesaid.

57.   As a direct and proximate result, Plaintiffs, Tracie J. Orr and Chloe Sauickie have suffered and will continue to suffer severe emotional distress.

***WHEREFORE***, Plaintiffs Tracie J. Orr and Chloe Sauickie by her g/a/l demands judgment against Defendants as follows:

(a)   All compensatory damages which Plaintiffs have sustained as a result of Defendants' conduct, including, but not limited to, severe emotional distress and mental anguish;

(b)   Exemplary and punitive damages, if applicable;

(c)   Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fee, if applicable, and other costs;

(d)   Prejudgment and Post judgment interest as provided by law; and

(e)   Such other and further relief as this Court deems just and proper.

## COUNT IV

**SURVIVAL ACTION AGAINST CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, FIRE DEPARTMENT OF THE CITY OF NEW YORK, FIRE DEPARTMENT OF NEW YORK CITY EMERGENCY MEDICAL SERVICES, MOISES M. CLASE AND CARIDAD A. CLASE**

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

58.     Plaintiffs by her g/a/l reallege paragraphs 1 - 57 and incorporate them by reference as paragraphs 1 – 57 of Count IV of this Complaint.

59.     The Estate of Thomas Sauickie, Jr., by its Administratrix ad prosequendum Tracie J. Orr, brings this action on behalf of decedent, Thomas Sauickie, Jr.

60.     Defendants were negligent as set forth above herein.

61.     As a result of Defendants negligence as aforesaid, decedent was caused to sustain serious and permanent physical injury, pain, suffering, disability, impairment and loss of enjoyment of life, was caused to sustain and did sustain serious and permanent personal injuries resulting in his death.

**WHEREFORE**, Plaintiff Estate of Thomas Sauickie, Jr., by its Administratrix ad prosequendum Tracie J. Orr, demands judgment against Defendants as follows:

(a)     All damages which Plaintiff has sustained as a result of Defendants' conduct, including, but not limited to, emotional distress, humiliation, embarrassment, and mental anguish;

(b)     Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless and/or intentional conduct;

(c)     Awarding Plaintiff her costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fee, if applicable, and other costs;

(d)     Prejudgment and Post judgment interest as provided by law; and

(e)     Such other and further relief as this Court deems just and proper.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

## JURY DEMAND

Pursuant to *Rule* 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues raised by these pleadings.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
Attorneys for the Plaintiffs


By: _Mark R Casazza_
MARK F. CASAZZA

DATED:   August 29, 2017

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730